FILED
FEBRUARY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 728**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | **JUDGE HART** |
| FUNDS IN THE AMOUNT OF SIXTEEN THOUSAND THREE HUNDRED TWENTY DOLLARS ($16,320) | ) ) ) ) | **MAGISTRATE JUDGE COX** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR FORFEITURE

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant property alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

1. This complaint for forfeiture is verified by the attached affidavit of Task Force Officer Jack Howard ("TFO Howard") of the United States Drug Enforcement Administration ("DEA"), which is fully incorporated herein.

### Jurisdiction and Venue

2. This is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6), for forfeiture of funds in the amount of sixteen thousand three hundred twenty dollars ($16,320), which funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801, *et seq.*

This court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355(a).

3. This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Sections 1355(b)(1)(A) and (d), as certain of the acts giving rise to the forfeiture occurred within the Northern District of Illinois.

4. Venue is proper under 28 U.S.C. § 1395(b) because the defendant funds were found and seized within the Northern District of Illinois on August 19, 2007, and shall remain here during the pendency of this action.

## Statutory Authority

5. This forfeiture action *in rem* is brought pursuant to Title 21, United States Code, Section 881(a)(6).

## Specific Allegations

6. On August 19, 2007, DEA law enforcement officers assigned to O'Hare International Airport in Chicago, Illinois received information regarding the suspicious travel itinerary of an individual named Marisa Caballero ("Caballero") who was traveling from Salt Lake City, Utah to Chicago, Illinois, on a one-way ticket aboard Delta Airlines flight 1053 purchased close to the time of the flight.

7. At approximately 2:45 p.m. that day, DEA law enforcement officers established surveillance at the arrival gate for Delta Airlines flight 1053, and observed a female fitting the physical and clothing description of Caballero exit the jetway bridge.

8. DEA law enforcement officers approached Caballero in the public baggage claim area, displayed their police photo and badge identifications, and introduced themselves as police

officers.

9. Upon request for identification, Caballero produced a Texas driver license that bore her name and photo likeness, and a Delta Airlines ticket jacket with a baggage claim. Caballero confirmed that she currently resides at the address listed on the license, in Irving, Texas. The ticket jacket and baggage claim indicated travel by Caballero to Chicago O'Hare on Delta flight 1053.

10. Caballero told officers that her travel agent had purchased the airline ticket the night before and confirmed that she was traveling on a one-way ticket. Caballero stated that she was in Chicago to shop and eat, and that she did not make any hotel arrangements. Caballero stated she was going to surprise a friend, Individual A, who lived near Midway Airport. Caballero did not provide an exact address for her friend but stated that she lived somewhere around "55". Caballero stated she was going to take a train to her friend's house, but did not know which train. Caballero told agents that her friend was not expecting her.

11. When asked by officers if she was traveling with any illegal items or large amounts of currency, Caballero replied she had $14,000 in her purse and opened her purse for the officers. DEA law enforcement officers observed four (4) thick, rubber-banded bundles of United States currency in her purse. When the officers asked Caballero if she had any additional currency, Caballero pointed to her back pocket and stated that she had $800. Caballero stated that the monies were the proceeds from a concert conducted by bands which her company managed, but that she did not have any receipts or documentation for the currency. When asked by the officers if her company had a bank and if so, why it was not used, Caballero stated that she planned to deposit the money when she returned to Texas the following day. Caballero told agents that she had not made any flight reservation for her return flight. When again asked why she did not deposit the currency in a bank,

night depository and/or a similar safe institution, Caballero replied that the music business always deals in cash and that her company had just recently disbursed $77,000 in cash to the four (4) bands her company was managing for a Salt Lake City concert.

12. Caballero repeatedly stated to law enforcement officers that her business dealt in large amounts of cash and that she had been interviewed in many airports regarding her transporting much larger amounts of cash that she was presently carrying.

13. Caballero agreed to accompany the agents to the DEA O'Hare office for further questioning. TFO Howard advised Caballero that the funds were going to be detained for a K-9 scent search investigation. Caballero asked TFO Howard if she could count the cash to verify how much she was carrying. When asked for the total amount of money she was carrying, Caballero replied that the four (4) bundles of currency in her purse were closer to $15,000 and the currency in her back pocket was somewhere around $1,600. Caballero stated that all of the currency was proceeds from the concert and that she did not have a personal interest in the funds.

14. After Caballero counted the currency, TFO Howard returned $257 to Caballero for transportation out of the airport and meals for the day. Caballero advised that she could use one of several credit cards in her possession to purchase an airline ticket back to Dallas, Texas, the next day. Caballero was issued a receipt for the seized currency in the amount of $16,320 and left the office.

15. The funds were transported to the Chicago Police Department 001 District for a K-9 scent search investigation. The funds were removed from the DEA evidence envelope by agents and placed in a podium in the 001 District assembly room. Chicago Police Officer Dowling and her narcotics detecting K-9 "Rocco" conducted a narcotic odor investigation of the currency. Officer Dowling advised that "Rocco" gave a positive alert for the presumptive presence of narcotic odor

to the seized currency. "Rocco" has been in service for the past 3 ½ years. K-9 Officer Dowling and "Rocco" train on a regular basis at the Chicago Police Department K-9 Training Center. "Rocco" was last formally certified in April 2007. Rocco has made numerous marijuana, cocaine and narcotics related currency discoveries.

16. The currency denominations for the seized currency are as follows: 91 one hundred dollar bills; 63 fifty dollar bills; 198 twenty dollar bills; 9 ten dollars bills, and 4 five dollar bills.

17. For the reasons stated herein and in the attached affidavit, there is probable cause to believe that funds in the amount of sixteen thousand three hundred twenty dollars ($16,320) were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801 *et seq.*, and are therefore subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America requests:

A. That the defendant property be proceeded against for forfeiture and condemnation, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

B. That the court adjudge and decree that the defendant currency be forfeit to the United States and disposed of according to law; and

C.  The United States requests that any trial be before a jury.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By:  s/Daniel E. May
>DANIEL E. MAY
>Assistant United States Attorney
>219 South Dearborn Street, 5th Floor
>Chicago, Illinois 60604
>(312) 353-8694

State of Illinois   )
                    )   SS
County of Cook      )

## AFFIDAVIT

I, Jack Howard, having first been duly sworn, upon oath, deposes and states as follows:

1. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), Airport Interdiction Group. I have been assigned as a TFO for DEA for over ten years. I have been specifically assigned to the Airport Interdiction Group, and my official duties and responsibilities include the investigation of narcotics trafficking and narcotics-related offenses at the various points of entry and exit in Chicago, including O'Hare Airport, Midway Airport, the Greyhound Bus Terminal, and Union Station.

2. As a DEA TFO, I am an investigative and law enforcement officer of the United States, permitted by law to conduct investigations of, and to make arrests for, offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substances Act of 1970, Title 21, United States Code, Section 801, *et seq*.

3. I have read the complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief based upon my own personal knowledge as well as information I have received from other agents, persons and documents. Because this affidavit is for a limited purpose it does not include each and every fact known to me concerning this investigation.

4. I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on the 31 of January, in Chicago, Illinois.

_____
JACK HOWARD
Task Force Officer
Drug Enforcement Administration